B. & O. S-W. R. R. Co. v. Mullen.

## The B. & O. S-W. R. R. Co. v. John Mullen.

1. CONTINUANCE—*Insufficient Affidavit.*—An affidavit in support of a motion for a continuance grounded upon the unavoidable absence of the superintendent who had charge of the witnesses and preparation of the case, and possessed peculiar knowledge concerning it, necessary for a fair trial, is insufficient where it is not shown that some other agent or officer of the party could not do as well.

2. INSTRUCTIONS—*As to What Is Not Necessarily Negligence, Erroneous.*—An instruction to the jury that it is not necessarily a matter of negligence to alight from a moving train, is erroneous. What is or is not negligence is not a question of law for the court, but always a question of fact for the jury.

3. SAME—*Calling Attention to Particular Facts, Misleading.*—An instruction which calls attention to particular facts pointed out, giving them undue prominence, is misleading.

Trespass on the Case, for selling a defective ticket. Appeal from the Circuit Court of Cass County; the Hon. THOMAS N. MEHAN, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed April 30, 1903.

HOGAN & DRENNAN, SHUTT & GRAHAM and HENRY PHILLIPS, attorneys for appellant; EDWARD BARTON, of counsel.

MILLS & CLIFFORD, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This suit was by appellee against appellant to recover damages for negligence in selling a defective round trip

ticket from Virginia, Illinois, to Crowley, Louisiana, whereby there was delay in passage, and also for incompetent servants in management of train from East St. Louis to Flora, Illinois, who by such mismanagement induced appellee to get off the train at the latter place before it had stopped, in consequence of which he fell under one of the wheels and lost a hand. The verdict was for $2,000 and judgment accordingly, to reverse which this appeal is brought, and various errors have been assigned and argued.

It is first said the court erred in overruling the motion for a continuance, but if the facts set out in the affidavit were admitted there is no force in this position, although it has been argued that the motion was partly grounded upon the unavoidable absence of the superintendent, who had charge of the witnesses and preparation of the case, and possessed peculiar knowledge concerning it, necessary for a fair trial. The answer to this is that it is not shown some other agent or officer of the appellant could not do as well.

The evidence relative to the alleged negligence of the appellant, and of the due care of the plaintiff to protect himself from the damages and incidents of ordinary travel, was meagre, and so unsatisfactory in those respects that accuracy was demanded in the instructions, so that the jury would not be misled by them. Measured by this standard the instructions fall short. They did not restrict the jury to the declaration either in respect to the negligence charged or the damages to be awarded. The second instruction relative to the first count of the declaration, charging a refusal to convey appellee from East St. Louis to Springfield, give to the jury a wider latitude in awarding damages than either the count or the evidence warranted, wherein they are told that all the trouble, inconvenience and expense as well as loss of time occasioned to the plaintiff might be considered in awarding damages. There was no sufficient evidence as to value of time lost upon which to base the instruction, and under the unrestrictive terms of the instruction the

jury might have considered as inconvenience the incident of alighting at Flora and its attendant accident.

The fifth instruction given for the plaintiff we think effectually impinges upon the jury's province. By it the jury are told that it is not necessarily a matter of negligence to alight from a moving train. What is or is not negligence is not a question of law for the court, but always a question of fact for the jury, and therefore what is or is not necessarily a matter of negligence should have been left untrammeled to the jury. Nor is the vice of this instruction withdrawn by the statement that follows in the instruction, that it is for the jury to say under all the facts and circumstances whether or not appellee was guilty of contributory negligence, for they had already been instructed what was not necessarily so, and thus the instruction was inconsistent and repugnant in its terms. Besides, the instruction is subject to the further infirmity of calling attention to particular facts pointed out, giving them undue prominence and so having a tendency to mislead.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded for a new trial.